```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 18-CV-22464-SCOLA
                    MAGISTRATE JUDGE P. A. WHITE
```

JESSE JEROME DEAN, JR.,

    Plaintiff,

v.

JUDGE DANIEL T.K. HURLEY, et al.,

    Defendant.
_____/

## PRELIMINARY REPORT OF MAGISTRATE JUDGE RE SCREENING INITIAL COMPLAINT (DE#1)

### I. Introduction

The Petitioner has filed this civil rights complaint (DE# 1), pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971),[1] arising from his criminal prosecution in this court, case no. 94-CR-00506-Hurley and his original 28 U.S.C. §2255 proceedings, case no. 00-CV-02145-Hurley.

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district

---

[1] Plaintiff filed on the 42 U.S.C. §1983 form, however, he is only suing federal officials. Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In <u>Bivens</u>, the United States Supreme Court recognized for the first time an implied private action for damages against federal officers for violations of certain constitutional rights despite the absence of any statute conferring such right. <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001). A <u>Bivens</u> action is the federal counterpart of an action under 42 U.S.C. §1983. Such an action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. "The effect of <u>Bivens</u> was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." <u>Dean v. Gladney</u>, 621 F.2d 1331, 1336 (5 Cir. 1980), <u>cert. denied sub nom.</u> <u>Dean v. County of Brazoria</u>, 450 U.S. 983 (1981). Thus, courts generally apply §1983 law to <u>Bivens</u> cases. <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11 Cir. 1995). Accordingly, the proper defendants in a <u>Bivens</u> claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. <u>FDIC v. Meyer</u>, 510 U.S. 471, 485-86 (1994).

court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

Plaintiff has been previously granted leave to proceed *in forma pauperis* ("IFP") pursuant to the provisions of 28 U.S.C. §1915, and a $350.00 debt has been established for the court's filing fee. (DE# 6). Thus, Plaintiff is now proceeding IFP and is subject to §1915(e)(2) screening requirements. Because plaintiff is a prisoner seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

It is only where a Plaintiff is not proceeding IFP, that his pleadings are not subject to the screening provision of 28 U.S.C. §1915(e)(2). See Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, §1915(e) only applies to cases in which the plaintiff is proceeding IFP"); see also, Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(citations omitted). Regardless, whether the plaintiff is proceeding IFP or not, since Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his pleadings are subject to screening under 28 U.S.C §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

It is noted that pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part

thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for screening of the Plaintiff's **Complaint (DE#1),** pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A.

## II. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires that the court review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officers or employee of a governmental entity." 28 U.S.C. §1915A(a). On review, the district court is required to "identify cognizable claim or dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or, seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Neitzke, 490 U.S. at 327; when the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 31 (1992); or, when it appears that the

3

plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)"). Thus, a court may dismiss a complaint if the facts as pleaded do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-61, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)(abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir.2001).

In order to state a §1985 or §1983 claim, a plaintiff must demonstrate that (1) the defendant(s) deprived plaintiff of a right secured under the Constitution or federal law, and (2) that such a deprivation occurred under color of state law. See Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)(quoting Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd.

4

Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

### III.  Facts Set Forth in the Complaint-(DE#1)

The Plaintiff names the following defendants, all employees of the United States District Court, Southern District of Florida, Judge Daniel T.K. Hurley, Clerk of Court Steven M. Larimore, Operations Supervisor Valerie Kemp, and Deputy Clerk H. Hind. (DE# 1:1).

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

By way of background, Plaintiff was convicted of multiple drug offenses following a jury trial in case no. 94-CR-00506. The Eleventh Circuit affirmed in his direct appeal. See United States v. Dean, 176 F.3d 492 (11th Cir. 1999). He subsequently timely filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255, which was assigned case no. 00-Cv-02145-Hurley. This court denied the motion on June 18, 2011 and the Eleventh Circuit declined to issue a certificate of appealability on November 14, 2001, in case no. 01-14120-D. Plaintiff continued to file motions in his §2255 proceedings. Ultimately, Judge Hurley issued an order denying Plaintiff's motion for reconsideration on August 5, 2003. After denying the pending motions, Judge Hurley ordered "The Clerk of the Court is directed to accept no further motions in this case, and petitioner is directed to stop filing further motions in this case." (11-CV-02145, DE#81).

In light of the foregoing, Plaintiff alleges the following in his complaint. Judge Hurley's order deeming him a restrictive filer and every subsequent order–issued over the course of fifteen years– summarily denying his motions violated his constitutional rights. (DE# 1:9). Plaintiff alleges that the other defendants, all employees of the clerk's office, have repeatedly violated his due process rights by mailing his motions back to him with a copy of Judge Hurley's August 5, 2003 order. (Id.). He argues that the trial court erred for numerous reasons during his original conviction in the 1990s. He claims the order deeming him a restrictive filer in 2003 has prohibited him from challenging his conviction and sentences. (Id.:10). Plaintiff seeks millions of dollars in compensatory damages. (Id.:13).

**IV.  Discussion**

It is well settled law that federal courts must "look behind the label" of an inmate's *pro se* filings and determine whether there is any framework under which his claims might be cognizable. United States v. Nickson, 521 Fed.Appx. 867, 868 (11th Cir. 2013)(quoting, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 290, 166 L.Ed.2d 798 (2007). "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)(citation omitted). Further, §1983 is not meant to replace state tort law, it is only meant to provide a remedy for violations of federally protected rights. Id. at 1513 (citing Baker v. McCollan, 443 U.S. 137, 145-146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). A successful §1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." See Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

Thus, to state a viable claim for relief in a 42 U.S.C. §1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution. American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Willis v. University Health Serv's, Inc., 993 F.2d 837, 840 (11th Cir. 1993).

7

### A. <u>Preiser/Heck Bar</u>

Plaintiff cannot maintain this <u>Bivens</u> action because he is essentially challenging the lawfulness of his criminal proceedings in this court, case no. 94-CR-00506. The claims are barred pursuant to the doctrines set forth in *Preiser* and *Heck*.

The Supreme Court has specifically held that a civil rights action is the appropriate course of relief for an inmate "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499–500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ..., his sole federal remedy is a writ of habeas corpus."). <u>See also</u> <u>Nelson v. Campbell</u>, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004)(explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. §1983).

Furthermore, the Supreme Court expressly held in *Heck v. Humphrey* that when an inmate's allegations rest on the invalidity of his imprisonment, his civil rights claim does not accrue until that invalidity is proven. 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). <u>See also</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 645, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(extending *Heck* to certain types of due process challenges brought under §1983). The Supreme Court in *Edwards* remarked that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his

8

conviction or sentence," then that §1983 claim, or here Bivens claim, must be dismissed unless the conviction has already been invalidated. Edwards, 520 U.S. at 487.

Thus, a claim that challenges a civil-rights Plaintiff's incarceration is not cognizable under §1983 or Bivens until the underlying criminal conviction has been reversed in favor of the criminal defendant. Heck, 512 U.S. at 483. See also Hust v. Wyoming, 372 Fed.Appx. 708, 710 (9th Cir. 2010)(district court properly dismissed arrestee's civil rights claims pursuant to *Heck* where arrestee did not even show that she had been to trial following her arrest, much less that the criminal proceedings against her were dismissed or otherwise resolved in her favor); Salas v. Pierce, 297 Fed.Appx. 874, 876 (11th Cir. 2008)(concluding that district court properly found that *Heck* barred Plaintiff's claim against Assistant District Attorney for conspiring with his counsel to coerce him into pleading guilty because Plaintiff had not alleged that his sentence or conviction had been reversed on appeal, and a judgment in favor of Plaintiff would necessarily call into question the validity of his guilty plea and his underlying conviction)(*citing*, Heck, 512 U.S. at 486–87, 114 S.Ct. at 2372).

In this case, the Plaintiff has not provided evidence that the convictions and sentences have been overturned. As is outlined above, the Eleventh Circuit affirmed his conviction and sentences on appeal. The plaintiff has failed to raise a viable claim against the Defendants in this case.

## B. Immunity

The Plaintiff sues **District Court Judge Hurley**. The law is well settled that "[J]udges are entitled to absolute judicial

9

immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks omitted). The plaintiff has not alleged any facts that demonstrate that Judge Hurley acted in the absence of jurisdiction when he entered the August 5, 2003 order about which Plaintiff complains.

The Plaintiff sues the **Clerk of Court for the United States District Court, Southern District of Florida** and **various deputy clerks**. Like the Judge Hurley, the clerks enjoy absolute immunity from damages actions where they have acted "in a nonroutine manner under command of court decree or under explicit instructions of a judge." See Hyland v. Kolhage, 267 Fed.Appx. 836, 842 (11th Cir. 2008) ("Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction.'"(quoting Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981)). In this case, Judge Hurley's order expressly directed the Clerk of Courts to refuse to accept any further motions filed by the Plaintiff in case no. 00-CV-02145. The actions about which Plaintiff complains were taken by the clerks pursuant to the August 5, 2003 order. As a result, they are entitled to absolute immunity.

## V. Conclusion

Based upon all of the foregoing, it is recommended that the complaint (DE#1) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can

10

be granted and that the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 26th day of June, 2018.

UNITED STATES MAGISTRATE JUDGE

cc: Jesse Jerome Dean, Jr., Pro Se
    Reg. No. 44060-004
    McRae Correctional Institution
    Inmate Mail/Parcels
    Post Office Drawer 55030
    McRae Helena, GA 31055

    Noticing 2241/Bivens US Attorney
    Email: usafls-2255@usdoj.gov

11