United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jesse Jerome Dean, Jr., Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-22464-Civ-Scola |
| | ) |
| Judge Daniel T.K. Hurley and others, Defendants. | ) |

### Order Adopting Magistrate Judge's Report And Recommendation

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On June 26, 2018, Judge White issued a report, recommending that Plaintiff Jesse Jerome Dean Jr.'s 42 U.S.C. § 1983 lawsuit, construed as an action brought according to *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, (1971), be dismissed. (Report of Magistrate, ECF No. 9.) Dean has timely objected to Judge White's report and recommendations. (Def.'s Objs., ECF No. 10.)

In essence, Dean attempts to challenge the decision of another district court by asking this Court to review it. In Dean's other case, he sought to vacate, under 28 U.S.C. § 2255, his 1997 criminal conviction and sentence for various drug offenses. After Dean had submitted multiple frivolous post-judgment and post-appeal filings in the § 2255 case, United States District Court Judge Daniel T. K. Hurley directed the Clerk "to accept no further motions in this case" and, likewise, directed Dean "to stop filing further motions in this case." *Dean v. Unites States*, Case No. 00-cv-02145, Order Denying Mot. for Reconsid'n, ECF No. 81, 1 (S.D. Fla. Aug. 5, 2018). Dean complains that, because of this order, the Clerk of Court and other Clerk's office employees have denied him access to the court, in violation of his due process rights. In this *Bivens* action, Dean asks the Court to (1) deem Judge Hurley's order "illegal" and "stri[]ke[ it] from the record"; (2) order the Clerk's office to remove Dean's restricted-filer designation; (3) order the Clerk's office to file his returned motions on the docket; (4) order the Clerk to randomly reassign his habeas case to another judge; (5) order the Clerk's office to accept and file his submissions; (6) award him $23 million in damages against each of Judge Hurley, the Clerk of Court, and two Clerk's office employees.

To begin with, "[c]omity requires that federal courts of equal rank with concurrent jurisdiction exercise care to avoid interfering with each other's affairs." *Hickmon v. Sec'y, Dep't of Corr.,* No. 607-CV-1114-ORL-19KR, 2007 WL 2010801, at *1 (M.D. Fla. July 6, 2007). If Dean believed that Judge Hurley

improperly restricted his ability to file, his remedy was, or is, to seek an appeal of that order. Dean's complaint here amounts to an appeal of another district court's decision. But "[t]his Court may not review another [co-equal] federal court's judgment." *Leonard v. Marra*, No. 5:05-CV-262(CAR), 2005 WL 2319710, at *3 (M.D. Ga. Sept. 22, 2005) (citing *Bolin v. Story*, 225 F.2d 1234, 1240-41 (11th Cir. 2000) for the proposition that "to allow injunctive relief against federal judges would be to permit a 'horizontal appeal' from one district court to another or even 'reverse review' of a ruling of the court of appeals by a district court").

Additionally, as explained by Judge White, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotations omitted). Here, Dean presents no viable allegation that Judge Hurley acted "in the clear absence of all jurisdiction." Moreover, the Court finds the Clerk of Court and the named Clerk's office employees immune from this suit as well. Although "[c]ourt clerks enjoy a narrower ambit of immunity than judges," they nonetheless "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." *Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (quotations omitted). There is no indication that the Clerk or Clerk's office employees were doing anything other than acting at Judge Hurley's direction.

Conversely, to the extent the relief Dean seeks is really a writ of mandamus, ordering the Clerk's office to accept his filings, his claim also fails. "[I]n order to obtain mandamus relief, a plaintiff must 'establish three elements: a right to have his papers filed or submitted to the Court; a plainly defined and peremptory duty on the part of the defendants to file or submit them; and the absence of any other adequate remedy.'" *Heim v. Supreme Court of United States*, No. 05-20438-CIV, 2005 WL 8155981, at *4 (S.D. Fla. Aug. 31, 2005) (Turnoff, Mag. J.) (quoting *Panko v. Rodak*, 606 F.2d 168, 169 (7th Cir. 1979), *report and recommendation adopted*, No. 05-20438-CIV, 2005 WL 8155982 (S.D. Fla. Sept. 14, 2005) (Altonaga, J.). Dean has not established any of these three elements.

Finally, to the extent Dean's complaint seeks to challenge the lawfulness of his criminal proceedings, the Court agrees with Judge White that such claims are barred by the doctrines set forth by the United States Supreme Court's opinions in *Preiser* and *Heck*.

The Court has thus considered—de novo—Judge White's report, the record, and the relevant legal authorities. For the reasons outlined above, the Court **affirms and adopts** Judge White's ultimate recommendation (**ECF No. 9**) that Dean's complaint be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(b)(ii), for his failure to state a claim upon which relief can be granted. The Court **dismisses** Dean's complaint **with prejudice**: any amendment would

be futile. The Court directs the Clerk to **close** this case. Any pending motions are **denied as moot**.

**Done and Ordered** at Miami, Florida, on July 13, 2018.

_____
Robert N. Scola, Jr.
United States District Judge

Copy via U.S. mail to:
**Jesse Jerome Dean, Jr., 44060-004**
McRae Correctional Institution
Inmate Mail/Parcels
Post Office Drawer 55030
McRae Helena, GA 31055